IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST J. FILES, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:16-CV-770-MHT |
| | ) | |
| TALLAPOOSA COUNTY NARCOTICS TASK FORCE, *et al*., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Earnest Files, Jr., on September 18, 2016.[1] Plaintiff, who is incarcerated at the Talladega County Jail in Talladega, Alabama, complains that he was arrested without probable cause by the Tallapoosa County Narcotics Task Force on December 1, 2011, and placed in the Tallapoosa County Jail. He further alleges unconstitutional arrest warrants were issued against him in April of 2010 and December of 2011. Plaintiff also challenges the validity of his state court criminal proceedings before the Circuit Court for Tallapoosa County. For relief, Plaintiff requests damages, injunctive relief, a pardon, court costs, attorney fees, and trial by jury. Docs. 14 & 27. Upon review, the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] In accordance with the prior proceedings and orders entered in this matter, this action is before the court on the amended complaint filed by Plaintiff on December 29, 2016, and the amendment thereto filed March 21, 2017. *See* Docs. 6, 14 & 27. The court, however, considers September 18, 2016, to be the filing date of the complaint. Although the Clerk stamped the original complaint "filed" on September 20, 2016, Plaintiff signed his complaint on September 18, 2016. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim

# I. DISCUSSION

A.  **Claims Barred by the Statute of Limitations**

Plaintiff complains that Defendants Jimmy Abbott and David McMichaels (members of the Tallapoosa County Narcotics Task Force) subjected him to a false arrest without probable cause on December 1, 2011, and Defendants Blake Jennings and Chris Nail then caused him to be illegally detained in the Tallapoosa County Jail. Plaintiff also maintains that Defendants Patti Lucas, Frank Lucas, Jennifer Morris, and Brandi Hardaway (employees of the Circuit Court for Tallapoosa County) issued unconstitutional arrest warrants against him in April of 2010 and December of 2011. Plaintiff's complaint against these individuals is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47, 85 L. Ed. 2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The arrest and detention about which Plaintiff complains occurred on December 1, 2011. Docs. 14 & 27. The arrest warrants challenged by Plaintiff were issued on April 13, 2010; December 2, 2011; and December 9, 2011. Docs. 27-2 to -5. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) provides no basis for relief to Plaintiff from application of

---

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the time bar.[3] Thus, the statute of limitations began to run on the claims arising from the challenged arrest and detention on December 1, 2011, and on the claims challenging the alleged unconstitutional arrest warrants on April 13, 2010, and December 2 and 9, 2011. The limitations periods for these events ran uninterrupted until they expired, respectively, on December 1, 2013; April 13, 2012; and December 2 and 9, 2013. Plaintiff filed the instant complaint on September 18, 2016, after the expiration of the applicable limitations periods.

The statute of limitations is usually raised as an affirmative defense. In an action proceeding under § 1983, the court may consider any affirmative defenses apparent from the face of the complaint. *Clark v. Ga. Pardons & Par. Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citing *Franklin v. St. of Or.*, 563 F. Supp. 1310, 1330–32 (D.C. Or. 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop."

---

[3] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues . . . insane." Ala. Code § 6-2-8(a) (1975). The allegations of the complaint demonstrate that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under § 6-2-8(a).

3

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (quoting *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985)).

Based on the facts apparent from the face of the complaint, Plaintiff has no legal basis on which to proceed with his challenges to the validity of his arrest and detention and the validity of the challenged warrants because he filed this cause of action over two years after the challenged actions occurred. As noted, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Plaintiff's claims expired prior to his filing of this action. In light of the foregoing, the court concludes that the false-arrest claim against Defendants Abbott and McMichaels, the illegal-detention claim against Defendants Jennings and Nail, and the unconstitutional-arrest warrant claims against Defendants Pattie Lucas, Frank Lucas, Morris, and Hardaway are barred by the statute of limitations. Plaintiff's claims against these individuals are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B.     Defendants Taylor, Young, Perryman, and Moore**

    **1.     Damages**

Plaintiff names as additional defendants the Honorable Kim Taylor; the Honorable Thomas Young, Jr.; the Honorable Steve Perryman; and the Honorable Roy Moore. Assuming *arguendo* that Plaintiff's claims against these individuals are not barred by the statute of limitations, they are due to be dismissed on their merits. Plaintiff's allegations against these defendants emanate from actions taken by them in their judicial capacities during state court proceedings over which they had jurisdiction. A state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U.S. 219, 227–29 (1988); *Paisey v. Vitale*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Unless it can be shown that a

judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *See Stump*, 435 U.S. at 356–57. The court has reviewed Plaintiff's allegations against Judges Taylor, Young, Perryman, and Moore and finds that they do not compel—or even suggest—the conclusion that these defendants acted in clear absence of jurisdiction. Accordingly, any claim for monetary damages Plaintiff brings against Judges Taylor, Young, Perryman, and Moore is "based on an indisputably meritless legal theory," and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

### 2. Non-Final Orders

Plaintiff's claims relating to adverse decisions or actions of a state court that are not yet final do not entitle him to relief because he has an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal any non-final order or action of the state courts to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, any claim challenging a non-final order or action of Judges Taylor, Young, Perryman, or Moore is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Final Orders

To the extent Plaintiff also seeks injunctive or declaratory relief from orders issued by state courts that have become final under state law, this court lacks jurisdiction to hear these claims in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal

5

courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Although "*Rooker-Feldman* is a narrow doctrine," it bars Plaintiff from proceeding before this court because this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Id.* at 464; *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holindg that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). In light of the foregoing, the court concludes that dismissal of any request for relief from final orders issued or actions undertaken by Judges Taylor, Young, Perryman or Moore during matters related to Plaintiff's state-court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke*, 490 U.S. 319.

**C.    Tallapoosa County District Attorney E. Paul Jones, Tallapoosa County Chief Deputy District Attorney Damon Lewis, and Assistant District Attorney Jeremy Duerr**

Plaintiff seeks to challenge the conduct of Defendants Jones, Lewis, and Duerr in matters associated with his state court criminal proceedings. Even if these claims are not barred by the limitation period applicable to § 1983 actions, they still entitle him to no relief.

"[A] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Imbler v.

6

*Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representation of the State's interests during the sentencing phase of criminal proceedings. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430–31).

Plaintiff's claims against Defendants Jones, Lewis, and Duerr relate to actions they undertook while engaged in activities intimately associated with the judicial phase of the criminal process—conduct for which these defendants are entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Plaintiff's claims against District Attorney Jones, Chief Deputy District Attorney Lewis, and Assistant District Attorney Duerr are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Moreover, as previously determined, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court criminal proceedings related to the offenses about which he complains. *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

### D. Defendant Gillenwaters

Plaintiff alleges that his attorney, Charles Gillenwaters, violated his constitutional right to effective representation during his state court criminal proceedings before the Circuit Court for

Tallapoosa County. To the extent Plaintiff's claims against Defendant Gillenwaters are not barred by the statute of limitations, his claims nevertheless entitle him to no relief.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *Am. Manuf. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948)). . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)."

*Am. Manuf.*, 526 U.S. at 49–50 (footnote omitted).

An attorney engaged in private practice who represents an individual does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims presented against Defendant Gillenwaters lack an arguable basis in law, and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). Further, Plaintiff's conclusory allegation that Defendant Gillenwaters conspired with the state defendants to deprive him of his due process rights (*see* Doc. 14 at 4) is likewise due to be dismissed. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)

(holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (holding that, to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny Plaintiff his constitutional rights).

**E.     Tallapoosa County Narcotics Task Force**

To allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Under both federal and Alabama law, a county sheriff's department is not a legal entity subject to suit or liability. *Id.*; *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991). Moreover, the Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns," such as police departments and drug task forces, "lack[] the capacity to sue or be sued." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the Tallapoosa County Narcotics Task Force is not a legal entity subject to suit.[4]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     Plaintiff's claims against Defendants Abbott, McMichaels, Jennings, and Nail

---

[4] It is unclear whether Plaintiff intended to name the Tallapoosa County Commission and the State of Alabama as defendants. *See* Doc. 14 at 8. Even had he intended to do so, he makes no allegations against either entity, and defendants are dismissed properly where—other than naming the defendant in the caption—a prisoner states no allegations that associate the defendants with the alleged constitutional violations. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65 (1989).

challenging events that occurred on or before December 1, 2010 be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff failed to file this action within the time prescribed by the applicable statute of limitations;

2. Plaintiff's claims against Defendants Patti Lucas, Frank Lucas, Jennifer Morris, and Brandi Hardaway challenging events that occurred on or before April 13, 2010; December 2, 2011; or December 9, 2011 be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff failed to file this action within the time prescribed by the applicable statute of limitations;

3. The § 1983 claims presented against Defendants Taylor, Young, Perryman, Moore, Jones, Lewis, Duerr, Gillenwaters, and the Tallapoosa County Narcotics Task Force be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)(ii) and (iii);

4. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)(ii) and (iii).

It is further ORDERED that **on or before April 25, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 11th day of April, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE